1
2
3
4
5
6
7
8        UNITED STATES DISTRICT COURT

9      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PROMISE LEADER,                            No. 2:20-cv-1086-JAM-EFB P

12            Plaintiff,

13      v.                                       ORDER

14   COUNTY OF SACRAMENTO, et al.,

15            Defendants.

16

17        Plaintiff, a pretrial detainee at the Rio Cosumnes Correctional Center, proceeds without

18   counsel in this action brought pursuant to 42 U.S.C. § 1983.  In addition to filing a complaint

19   (ECF No. 1), he has filed an application to proceed in forma pauperis (ECF No. 2).  For the

20   reasons stated hereafter, his application to proceed in forma pauperis is granted and the complaint

21   is dismissed with leave to amend.

22                          Application to Proceed In Forma Pauperis

23        The court has reviewed plaintiff's application and finds that it makes the showing required

24   by 28 U.S.C. § 1915(a)(1).  Accordingly, plaintiff's request to proceed in forma pauperis is

25   granted.

26   /////

27   /////

28   /////

1

Screening

I.    Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted).  Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II.    Analysis

Plaintiff appears to allege that he is a pre-trial detainee.  *See* ECF No. 1 at 3 (noting he is "innocent until proven guilty").  He vaguely alleges that conditions at the facility where he is detained do not meet coronavirus safety guidelines issued by the Centers for Disease Control and

2

Prevention ("CDC"). *Id.* But he alleges few details. In what effectively amounts to a simple list, plaintiff cites "social distancing," "mask," and "uncleanly environment." *Id.* Presumably he means that prison officials at the facility have not adequately allowed for social distancing, issued enough masks, nor cleaned the environment sufficiently. But mere mention of these categories, without any contextual detail, is insufficient to state a section 1983 claim. And failure to follow CDC guidelines does not, standing alone, amount to a constitutional violation. Moreover, plaintiff has not alleged sufficient harm to warrant the relief he requests – three million dollars in damages and release from custody. *Id.* He does not, for instance, allege that he has contracted coronavirus. Nor does he allege, in any concrete terms, that his risk of contracting the virus is so extreme that immediate release is appropriate. *See*, *e.g.*, *Riley v. United States*, NOS. C19-1522 JLR; CR14-0113JLR, 2020 U.S. Dist. LEXIS 64513, * 20 (W.D. Wash., Apr. 10, 2020) (noting that, in the context of the compassionate release provision of § 3582(c)(1), release is not authorized based on the mere elevated risk of contracting a pandemic virus).

The court will grant leave to amend so that plaintiff may articulate his claims with greater detail and specificity.

### III.     Leave to Amend

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605 at 607.

/////

1    Any amended complaint must be written or typed so that it so that it is complete in itself

2    without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended

3    complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

4    earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

5    F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

6    being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

7    1967)).

8    Any amended complaint should be as concise as possible in fulfilling the above

9    requirements.  Fed. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of procedural or factual

10   background which has no bearing on his legal claims.  He should also take pains to ensure that his

11   amended complaint is as legible as possible.  This refers not only to penmanship, but also spacing

12   and organization.  Plaintiff should carefully consider whether each of the defendants he names

13   actually had involvement in the constitutional violations he alleges.  A "scattershot" approach in

14   which plaintiff names dozens of defendants will not be looked upon favorably by the court.

Conclusion

16   Accordingly, it is ORDERED that

17   1.  Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

18   2.  Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days

19   from the date of service of this order; and

20   3.  Failure to file an amended complaint that complies with this order may result in the

21   dismissal of this action for the reasons stated herein.

22   DATED:  August 18, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE